# Richmond

## HALLIE BRADSHAW AND RUTH BRADSHAW v. DAVID ARONOVITCH, TRADING AS, ETC.

April 28, 1938.

Present, All the Justices.

The opinion states the case.

*Paul H. Coleman,* for the appellants.

*Wiltshire & Rives,* for the appellees.

EGGLESTON, J., delivered the opinion of the court.

Leroy Bradshaw, a colored boy, aged nineteen years, was killed while in the employ of David Aronovitch. Hallie Bradshaw, the mother, and Ruth Bradshaw, the sister, of the deceased filed a claim before the Industrial Commission for an award of compensation on the ground of their alleged partial dependency upon him. The Commission held, in denying compensation, that the accident did not arise out of and in the course of the employment of the deceased. The claimants have appealed.

We are asked to dismiss the appeal because, it is said, the appeal bond was not given within the time required by

law. It is argued that since section 61 of the Workmen's Compensation Act, Michie's Code 1936, sec. 1887(61), provides among other things, that a petition for appeal from an award of the Industrial Commission "shall be presented to the Supreme Court of Appeals, or one of its judges if the court be not in session, within thirty days from the date of such award, or within thirty days after receipt of notice to be sent by registered mail of such award," the appeal bond required by Code, section 6351, as amended by Acts 1934, ch. 132, p. 173, in appeals from the Industrial Commission, must be given within such thirty days, excluding the time during which this court or one of its judges has under advisement such petition for appeal.

Appellants reply that section 61 of the Workmen's Compensation Act, Michie's Code, 1936, sec. 1887(61), requires that "Appeals shall lie from such award to the Supreme Court of Appeals in the manner as provided by law for appeals in equity cases from circuit and corporation courts; * * *," which means that the appeal bond may be given within six months (Code, sec. 6355, as amended by Acts 1922, ch. 174, p. 368, and 1926, ch. 10, p. 19) of the date of the award or receipt of the notice thereof, which was done in this case.

While appellee points to no express statutory provision requiring the bond to be given within the thirty-day period, he argues that in prescribing that appeals from the Industrial Commission must be taken within such period, the legislature has evidenced the intent that such appeals must be taken and perfected far more speedily than in law and in equity cases, and that such manifest legislative intent will be thwarted if the appellants are allowed to postpone the perfecting of their appeal beyond the thirty-day period.

In order to carry into effect the legislative intent that appeals from the Industrial Commission be taken and perfected quickly, unquestionably there should have been some statutory requirement that the appeal bond be given within a shorter period of time than is allowed in law and in equity cases. The General Assembly of 1938 has realized

this and by an appropriate amendment to Code, section 6355 (as theretofore amended), has expressly provided that such bond be given within sixty days from the date of the award or receipt of notice thereof, excluding the time during which the petition for appeal is pending before this court or one of its judges. (Acts 1938, p. 135).

But in the absence of such express provision applicable to the present case, we think that the appellants here were entitled to give the appeal bond within the six-month period fixed by Code, section 6355, as amended by Acts 1922, ch. 174, p. 368, and 1926, ch. 10, p. 19.

Consequently the motion to dismiss is overruled.

We turn next to the merits of the case. On the day of the accident Leroy Bradshaw was riding on a truck on which he was employed as a helper. The truck was loaded with beer and soft drinks and was driven by Knight, another employee of Aronovitch.

The evidence is that Bradshaw, who was seated next to the driver, opened the door of the cab, saying that he was going to get a bottle of soft drink from the body of the truck. Since the truck was then moving at about twenty miles per hour, Knight said to Bradshaw, "Wait until I get to the next stopping place and I will get you a cold drink." Disregarding this suggestion or warning, Bradshaw left the cab and in the effort to get the bottle fell from the truck and was killed.

While Bradshaw was permitted to satisfy his thirst with a soft drink on the truck, he had been admonished on a previous occasion that it was dangerous for him to try to procure a bottle while the truck was in motion.

There is no claim that the act of Bradshaw in attempting to obtain the soft drink bottle from the truck, contrary to the admonition of the driver, constituted wilful misconduct. The only question presented to us is whether Bradshaw was killed by an "accident arising out of and in the course of the employment" as required by the provisions of the Workmen's Compensation Act, Michie's Code, sec. 1887(2)(d).

"The expressions 'arising out of' and 'in the course of' the employment are not synonymous; but the words 'arising out of' are construed to refer to the origin or cause of the injury, and the words 'in the course of' to refer to the time, place, and circumstances under which it occurred." 71 C. J., p. 644, sec. 396.

An accident occurs "in the course of the employment" when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling duties of his employment or engaged in doing something incidental thereto. 71 C. J., p. 659, sec. 404; *Lasear* v. *Anderson*, 99 Ind. App. 428, 192 N. E. 762, 765.

In *In re McNicol*, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, a leading case, it is said that an injury "arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In *Farmers' Manufacturing Co.* v. *Warfel*, 144 Va. 98, 103, 131 S. E. 240, 241, we approved this statement in

*Edelweiss Gardens* v. *Industrial Commission,* 290 Ill. 459, 125 N. E. 260: "If the injury can be seen to have been a natural incident of the work, and to have been contemplated by reasonable persons as the result of the exposure occasioned by the nature of the employment, it may be said to have arisen out of the employment. An injury not fairly traceable to the employment as the contributing proximate cause, and which comes from a hazard to which the employee would have been equally exposed otherwise, does not arise out of the employment. The causative danger must be peculiar to the work, and incidental to the character of the business."

It is generally held, and we think properly so, that the words "arising out of and in the course of the employment" should receive a liberal construction in order to carry out the humane and beneficent purposes of the act. 71 C. J., p. 644, sec. 396, and cases there cited; *D. A. Y. Construction Co.* v. *Smallwood* (Ind. App.), 10 N. E. (2d) 750.

Here the employee's duties required him to be on the moving truck. One of the hazards to which, by the nature of his employment, he was exposed, was that he might fall from the truck and be injured or killed. This was a risk peculiarly incident to the nature of his employment, and not one to which the public generally was exposed.

It is uniformly held that "An injury sustained by an employee while engaged in the performance of an act essential to his personal comfort and convenience, but ultimately for the benefit of the employer, is compensable as 'arising out of' and 'in the course of' the employment." 71 C. J., pp. 669-670, sec. 411, and numerous cases there cited. *Archibald* v. *Ott,* 77 W. Va. 448, 87 S. E. 791, L. R. A. 1916D, 1013; *Booker* v. *State Compensation Commissioner,* 113 W. Va. 657, 169 S. E. 483.

Consequently it is well settled that "An injury sustained by an employee while in the act of satisfying his thirst ordinarily arises 'out of' and 'in the course of' the employment," provided the employee uses the facilities fur-

nished to him by the employer, or does not depart from the employer's premises, or go to some place thereon where he has no right to be. 71 C. J., 671, 672, sec. 413; *Archibald* v. *Ott, supra.*

As was said in *Archibald* v. *Ott, supra* (87 S. E. 791, at p. 792) : "Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment. A man must breathe and occasionally drink water while at work. In these and other conceivable instances he ministers unto himself, but in a remote sense these acts contribute to the furtherance of the work."

In *Springer* v. *North,* 205 App. Div. 754, 200 N. Y. S. 248, it was held that where a teamster, delivering wood to his employer's customers, stopped in front of a store to purchase chewing tobacco for his own use, and while reaching for it with one foot on the wagon wheel the horses started up and he was injured, the injury was incidental to the employment and justified an award under the Workmen's Compensation Law of New York, Consol. Laws N. Y., ch. 67.

Also, in *McLaughlan* v. *Anderson,* 48 Sc. L. R. 349, 4 B. W. C. C. 376, which arose under the English Workmen's Compensation Act of 1906, a recovery was allowed where a workman fell from a wagon on which he was riding while attempting to recover his pipe which he had dropped. It was there said that a workman of this sort might reasonably smoke, might reasonably drop his pipe, and might reasonably pick it up again without departing from his employment.

There is, of course, no difference in principle between an employee's stopping work momentarily to quench his thirst by drinking water which is furnished him by his employer, and his stopping work momentarily to take a soft drink which is likewise furnished him by his employer. In the present case the evidence is that it was permissible for

Bradshaw to have quenched his thirst with a soft drink from the truck when the latter was not in motion.

The argument seems to be that if Bradshaw had been killed while procuring a drink when the truck was not moving, compensation would have been due, but that since the accident happened while the truck was in motion compensation should not be paid. It is said that while the truck was in motion it was Bradshaw's duty to have remained in the cab, and he stepped beyond the scope of his employment when he left the cab.

But Bradshaw's work required him to be both on and off the truck, and both in and out of the cab. At the particular moment he was not engaged in any duty which required him to be in the cab. If, while the truck was still in motion and in anticipation of making a delivery to a customer, Bradshaw had left the cab and had been killed in attempting to alight from the truck, would there be any doubt about the liability for compensation? We think not.

So we see that the fact that Bradshaw left the cab while the truck was in motion is not determinative of the case.

In the final analysis, then, we have a case where an employee is thrown from a truck on which he is riding in the performance of his duties, when for the moment he was performing an act for his personal comfort and convenience. And, as we have already seen, injuries from accidents arising in this manner are compensable.

The present case is clearly distinguishable from *Dreyfus & Co. v. Meade,* 142 Va. 567, 129 S. E. 336, relied on by appellee. There the employee, a night watchman, was injured in the street after he had left his employer's premises and was on his way to a restaurant, some two blocks away. Compensation was denied. Here the employee was injured by a fall from the instrumentality furnished by the employer, and on which the employee was required to ride in the performance of his duties.

Nor do we think that the fact that Bradshaw disobeyed the warning of the driver and attempted to leave

the cab while the truck was in motion took Bradshaw beyond the scope of his employment so as to bar compensation.

The precise point was before the court in *Alabama Concrete Pipe Co.* v. *Berry*, 226 Ala. 204, 146 So. 271. There an employee was killed while stepping from a moving truck for the purpose of obtaining a drink of water. It was held that the employee's act in stepping from the moving truck, in violation of his employer's rules, did not take the employee outside the sphere of his employment.

We are of opinion that the Industrial Commission erred in holding that the accident did not arise out of and in the course of the employment of the deceased. Consequently the order appealed from will be reversed and the cause remanded for further proceedings in accordance with the views here expressed.

*Reversed and remanded.*