COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Koontz
Argued at Salem, Virginia


RUDDICK CORPORATION, t/a HARRIS-TEETER

v.          Record No. 1076-94-3     MEMORANDUM OPINION*
                                         PER CURIAM
JULIA A. ROBERTSON                    JUNE 13, 1995

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Jim H. Guynn, Jr. (Parvin, Wilson, Barnett &
              Guynn, on brief), for appellant.

              No brief or argument for appellee.


        Ruddick Corporation appeals a Workers' Compensation

Commission's award of temporary total compensation benefits to

the claimant, Julia A. Robertson.  Ruddick contends that the

evidence is insufficient as a matter of law to prove that

Robertson's herniated disk arose out of or was caused by a work-

related accident.  From our review of the record, no credible

evidence exists which proves that Robertson's herniated disk was

caused by a work-related accident.  Accordingly, because we find

the evidence insufficient to support the commission's award, we

reverse the commission's holding and vacate the award.

        Robertson worked as a produce clerk at a Harris-Teeter

grocery, which is owned by Ruddick Corporation.  While cleaning

and preparing produce at a triple sink, Robertson attempted to

move a wet slippery floor mat with her foot.  She "slipped" and

---

* Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"both . . . feet went out from under" her.  She "caught" herself by her "arms in between the . . . sinks so [she] didn't hit the floor."  "When [she] slipped [she] kind of screamed" but she did not remember being hurt or feeling any pain or sensation in her back at the time of the fall.

Approximately fifteen to twenty minutes later when Robertson "bent forward" to pick up a strawberry from the floor, she felt "immense" pain in her "lower back and . . . legs" and she "couldn't support" herself.  She "went . . . [to] the floor . . . on one of her knees."  She remembers "screaming" and that she "just could not stand," "couldn't get off the floor."

After being assisted to her feet by a co-worker, and after walking around for about five minutes, Robertson was able to continue with her duties.  Approximately ten minutes later, after unfolding a table and while leaning over it to cut produce, Robertson experienced another episode where she felt an "unusual" sensation, "[i]t wasn't painful, . . . [it] felt [like] little springs going off in [her] back."  Because of the discomfort she was experiencing, she got a stool in order to work at the table in a sitting position.  Robertson related "as soon as I sat down it was just like a lightning bolt from the back of my neck all the way down to my toe . . . I was in shock. . . . I have never had a pain like that in my life."  Robertson testified the pain was so severe that she could not move, she screamed, and she "lost it."  She was not able to continue working.  She was

assisted to her car, drove home, and subsequently sought medical care at an emergency care facility.

After an initial diagnosis of back strain, an MRI scan disclosed that Robertson had a herniated disk. She was referred to a neurosurgeon, Dr. Ralph O. Dunker, Jr. The history that she gave Dr. Dunker was essentially identical to her testimony at the deputy commissioner's hearing. After examining the claimant and having viewed her MRI scan, Dr. Dunker diagnosed Robertson as having a herniated disk. On her health insurance claim form, Dr. Dunker checked the box marked "employment" as the cause of Robertson's herniated disk.

In its opinion, the commission found that the slip and fall at the sink and the three other occasions at work when Robertson experienced back pain were four discrete incidents, each of which contributed to cause Robertson's disk to herniate. The commission found that by specifying "employment" as the cause of Robertson's herniated disk, Dr. Dunker was referring to all four incidents. The commission held, therefore, that because two of the incidents--the slip and fall at the sink and bending over the table to cut produce--arose out of or were caused by conditions directly related to or peculiar to the workplace, two compensable accidents contributed to cause the injury. Relying upon its decision in Willard v. Phillip Hughes Contractors, 70 OIC 116 (1991), the commission held that under the "two causes" rule, it is immaterial that Robertson was not able to identify which of

the "four incidents" had caused her injury.  Under the "two causes" rule, if one or more work-related "accident" contributes to cause an injury, the injury is compensable, despite the fact that other nonwork-related factors may have contributed to cause the injury.  Thus, the commission found that Robertson's slip and fall at the sink and her bending over a table to cut produce, which table was shorter than the one to which she was accustomed, were both work-related accidents that contributed to cause her herniated disk.  Thus, the commission found that Robertson's injury arose out of her employment.

On appeal, we view the evidence in the light most favorable to the prevailing party before the commission.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Factual findings of the commission will not be disturbed if based on credible evidence.  Hercules v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991).  Whether an injury was caused by an accident at work or by some other cause, or was gradually incurred, is a factual matter for the commission.  See Morris v. Morris, 238 Va. 578, 579, 385 S.E.2d 858, 865 (1985).  However, whether the evidence is sufficient to prove causation is a question of law which is reviewable on appeal.  Id.

To prove an injury by accident, a claimant must prove that the cause of the injury was an identifiable incident or sudden precipitating event related to the work that resulted in an obvious sudden mechanical or structural change in the body.  Lane

<u>Co. v. Sanders</u>, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985). The burden of proving such causation is on the claimant. <u>See, e.g.,</u> <u>Marketing Profiles Inc. v. Hill</u>, 15 Va. App. 567, 570, 425 S.E.2d 546, 547 (1993). To prove causation, it must be apparent to the rational mind that a causal connection exists between the injury received and the conditions under which the work was performed. <u>Id.</u> at 571, 425 S.E.2d at 548.

First, we find nothing about Dr. Dunker's checking a box indicating "employment" as the cause of Robertson's herniated disk to mean that all of the four "incidents" contributed to cause her disk to herniate. Dr. Dunker simply did not specify that any "identifiable incident" or "sudden precipitating event" caused Robertson's disk to herniate. Dr. Dunker's statement that Robertson's "employment" caused her herniated disk was nonspecific and proved nothing more than that strain or exertion related to work over a period of time caused the disk to give way.

Likewise, Robertson's account of what occurred did not identify an incident related to her work that caused her injury. The only "incident" described by Robertson which would have constituted a work-related accident, had it been the cause of her herniated disk, was her slip and fall at the sink. However, Robertson testified that she felt no pain or discomfort or any sensation at the time to indicate that she had experienced a sudden mechanical or structural change in the disk when she fell.

–5–

See Sanders, 229 Va. at 199, 326 S.E.2d at 703.

The other "incidents" when Robertson felt pain or a "spring like" sensation in her back were not work-related accidents that would have been compensable, even had they caused the disk to herniate. In bending over to pick up a strawberry, Robertson was not in an unusual position or exerting more than usual while performing a job-related task. See Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 382 S.E.2d 305 (1989). Bending over to pick up an object from the floor required no unusual exertion, but moreover, no evidence proved that bending over caused Robertson's disk to herniate.

Assuming that the commission did not err in finding that Robertson's leaning over the table to cut produce, which table was slightly lower than the one to which Robertson was accustomed, was an accident, see Reserve Life Insurance Co. v. Hosey, 208 Va. 568, 159 S.E.2d 633 (1968), no evidence tends to prove that this "event" caused Robertson's disk to herniate. Robertson had previously experienced back pain when she bent forward to pick up a strawberry. The evidence merely shows that on one of the occasions that Robertson had pain, which apparently was when the disk was or had herniated, was when she was leaning forward over the table.

Finally, the commission found the last incident of Robertson sitting on the stool not to be a work-related accident, even though it may have contributed to cause Robertson's disk to

-6-

herniate.  We agree that sitting on the stool was not a work-related accident, and we find no evidence tending to prove that it caused Robertson's disk to herniate.

Accordingly, because the evidence fails to prove a specific identifiable event at work caused Robertson's herniated disk, we reverse the commission's decision and remand the claim for the commission to vacate its award.

<u>Reversed and remanded.</u>

Coleman, J., dissenting.

While I disagree with the commission's application of the "two causes" rule in Robertson's situation, in my opinion, the evidence supports a finding by the commission that Robertson's slip and fall at the sink, when she caught herself on her elbows, was an identifiable incident or sudden precipitating event that contributed to cause her herniated disk.  An injury that is gradually incurred as a result of repetitive trauma or continuous strain or exertion in the workplace, or sustained at an unknown time, is not compensable as an injury by accident, Morris, 238 Va. at 586, 385 S.E.2d at 863.  See also Aistrop v. Blue Diamond Coal Co., 181 Va. 287, 24 S.E.2d 546 (1943); Tomko v. Michael's Plastering, 210 Va. 697, 173 S.E.2d 833 (1970); Badische Corp. v. Starks, 221 Va. 910, 275 S.E.2d 605 (1981); VEPCO v. Cogbill, 223 Va. 354, 288 S.E.2d 485 (1982); and The Lane Co. v. Saunders, 229 Va. 196, 326 S.E.2d 702 (1985).  Moreover, it is not sufficient merely to prove that an injury suddenly appeared; the injury must be attributable to or caused by an identifiable incident at work. Morris, 238 Va. at 586, 385 S.E.2d at 863.

Nevertheless, the fact that a lapse of time occurs between the identifiable incident and when the injury suddenly appears merely is a fact to consider in determining whether the evidence proves causation; the mere fact that a period of time elapses between the accident and when the symptoms of a resulting injury manifest themselves does not establish that the injury gradually

occurred or was caused by repetitive trauma. Causation is a fact to be determined by the commission. Morris, 238 Va. at 579, 385 S.E.2d at 865. Of course, credible evidence must support that factual finding. However, causation is established "when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between . . . [the identifiable accident at work] and the resulting injury." Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938). Proof of causation does not depend solely upon medical evidence. Here, Robertson slipped and fell and had to catch herself on her elbows. Within twenty minutes, she felt excruciating pain in her back when she performed three separate tasks--bending over to pick up a strawberry, leaning forward over a table to cut produce, and sitting at a stool at work. Dr. Dunker determined that Robertson suffered a herniated disk and attributed her condition to her "employment." Even though Dr. Dunker did not specify a particular incident in her employment that caused the injury, he recited the same history that Robertson gave of her injury in reaching his conclusion that her "employment" caused the injury. Even though the commission erroneously applied the "two causes" rule to the facts of this case, in my view, it is apparent that when Robertson fell, she injured her back and within a very brief period, she experienced excruciating pain and other symptoms on three occasions, showing that she had experienced a sudden injury as a result of the fall.

I would affirm the commission's award.