COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


DOMINION COAL CORPORATION AND
  JEWELL RESOURCES CORPORATION &
  SUBSIDIARIES
                                                        OPINION BY
v.        Record No. 0628-08-3           JUDGE ELIZABETH A. McCLANAHAN
                                                    FEBRUARY 10, 2009
SHANE E. BOWMAN


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            S. T. Mullins (Street Law Firm, LLP, on briefs), for appellants.

            Kerry S. Hay (Lee & Phipps, P.C., on brief), for appellee.


        Dominion Coal Corporation and its insurer (collectively "Dominion") appeal a decision

of the Workers' Compensation Commission awarding benefits to claimant, Shane E. Bowman.

Dominion argues the commission erred in rejecting its willful misconduct defense. For the

following reasons, we affirm the decision of the commission.

                                        BACKGROUND

        Bowman, an employee of Dominion, was injured at work when a roof-bolting machine

fell on his leg. He was immediately taken to the hospital for treatment, where he was drug

tested. The test was positive for methadone.

        In a letter to the commission dated June 1, 2007, Dominion stated it was denying the

"compensability" of Bowman's accident "based on Section 65.2-306 of the Virginia Workers'

Compensation Act (supporting documentation enclosed)." Code § 65.2-306 provides six

defenses an employer may raise in response to a workers' compensation claim based on a

claimant's alleged misconduct. Dominion's letter did not state the specific conduct upon which

Dominion was relying in support of its position. The attachments to the letter, however, included copies of laboratory test results indicating that Bowman tested positive for methadone. Subsection (A)(6) of Code § 65.2-306 provides, in pertinent part, that "[n]o compensation shall be awarded to the employee . . . for an injury . . . *caused by* . . . [t]he employee's use of a nonprescribed controlled substance identified as such in Chapter 34 (§ 54.1-3400 et seq.) of Title 54.1." Code § 65.2-306(A)(6) (emphasis added). Under Code § 54.1-3448, methadone is identified as a Schedule II controlled substance.

Dominion's letter was followed by a letter to the commission from Bowman requesting "an appeal" for denied workers' compensation benefits.[1] Bowman then filed a formal claim in June 2007, seeking compensation for wage loss and medical benefits.

On July 19, 2007, Dominion filed a "Notice of Misconduct Defense" to Bowman's claim. It stated that Dominion would be "asserting a misconduct defense as has been previously noticed to the claimant, and more specifically that this claim is barred pursuant to Code § 65.2-306(A)(6)."

On July 31, 2007, the deputy commissioner conducted a hearing on Bowman's claim. Dominion's sole defense was that the claim should be denied, pursuant to Code § 65.2-306, based on Bowman's alleged willful misconduct, specifically his use of methadone, for which he had no valid prescription. In response, Bowman asserted Dominion failed to file its notice of the

---

[1] Bowman stated in his letter that Dominion's decision regarding his accident

> was based on Section 65.2-306 of the Virginia Workers' Compensation Act, but I disputed that decision for the following. I was seeking outpatient treatment. I was prescribed methadone by Dr. Maria Carnecion through Clinch Valley Treatment Center. (letter enclosed) The use of methadone was not illegal. I was under a doctor's care.

defense within fifteen days of the hearing, as required by the commission's Rule 1.10,[2] and, therefore, the defense should be rejected as untimely. Bowman also asserted that Dominion's June 1, 2007 letter failed to comply with Rule 1.10 because it did not specify Bowman's conduct that allegedly violated Code § 65.2-306. Dominion contended that the letter, with the attached test results, provided timely notice of the defense and that, in any event, Bowman clearly understood the specific defense, as evidenced by his initial letter to the commission.[3]

The deputy commissioner rejected Dominion's willful misconduct defense, finding that Dominion's July 19, 2007 notice of the defense was untimely, and awarded Bowman the benefits he requested. The deputy commissioner also found, based on Bowman's own testimony, that Bowman was illegally taking methadone at the time of his accident.[4] As the deputy commissioner explained, Bowman falsely represented that he was addicted to certain narcotic medications in order to obtain the methadone for the relief of pain. "[H]owever, as there [was] no evidence to suggest or establish that the [m]ethadone contributed to or caused the accident," the deputy commissioner found, "the fact that the [m]ethadone was obtained illegally [did] not require that [Bowman's] claim be forfeited."

On appeal, the full commission affirmed the deputy commissioner's decision. First, the commission ruled that Dominion did not give lawful notice of its willful misconduct defense, thus barring the defense. The commission concluded that Dominion's July 19, 2007 notice of

---

[2] Rule 1.10 provides: "If the employer intends to rely upon a defense under § 65.2-306 of the Act, it shall give to the employee and file with the Commission no less than 15 days prior the hearing, a notice of its intent to make such defense together with a statement of the particular act relied upon as showing willful misconduct."

[3] Because we assume error on the part of the commission in its application of Rule 1.10, as discussed, *infra*, we do not address the validity of Dominion's actual notice argument.

[4] In his opinion, the deputy commissioner did not comment on Dominion's contention that its June 1, 2007 letter constituted timely notice of the defense.

the defense was untimely under Rule 1.10, having been filed less than fifteen days before the

hearing on Bowman's claim. The commission also addressed Dominion's June 1, 2007 letter,

and concluded that it did not provide adequate notice of the defense under Rule 1.10. Under the

commission's interpretation of the rule, "[i]t was not enough for the employer to cite to Virginia

Code § 65.2-306 in that letter and attach medical records. It was required to state the nature of

the misconduct." Like the deputy commissioner, the commission found that Bowman was

prescribed methadone but "obtained it by false pretenses." Thus, the commission explained, "the

burden may have shifted to the claimant to provide clear and convincing evidence that he was

not intoxicated at the time of the accident [pursuant to Code § 65.2-306(B)[5]]." That did not

occur, however, because "the employer did not provide timely notice of its willful misconduct

defense."

Second, the commission reasoned that

> even though there was evidence [Bowman] was taking [m]ethadone there
> is no evidence that the drug *caused or contributed* to the accident.
> Virginia Code § 65.2-306(A)(6) provides that no compensation shall be
> awarded to the employee for an injury *caused by* the employee's use of a
> nonprescribed controlled substance. If we assumed that he used a
> nonprescribed controlled substance, the burden was still on the employer
> to prove that the use of a nonprescribed controlled substance caused the
> work injury. . . . Virginia Code § 65.2-306(B) merely provides a
> presumption which the claimant can rebut. *Even if there had been*
> *adequate notice, the employer did not produce evidence that his use of*

---

[5] Code § 65.2-306(B) provides, in relevant part, as follows:

> The person or entity asserting any of the defenses in this section
> shall have the burden of proof with respect thereto. However, if the
> employer raises as a defense the employee's . . . use of a nonprescribed
> controlled substance identified as such Chapter 34 of Title 54.1, and there
> was at the time of the injury an amount of . . . [such] substance in the
> bodily fluids of the employee which . . . yields a positive test result . . .,
> there shall be a rebuttable presumption . . . that the employee was . . .
> using a nonprescribed controlled substance at the time of his injury. The
> employee may overcome such a presumption by clear and convincing
> evidence.

- 4 -

> *[m]ethadone was a cause of the accident.  Indeed, the claimant's medical evidence shows it was not a cause.*

(Emphasis added.)

It is undisputed that, in finding Bowman's medical evidence established that his use of methadone did not cause the accident, the commission was relying on a July 19, 2007 letter from Dr. Maria Encarnacion, the medical director of the clinic where Bowman was receiving his methadone treatment at the time of the accident.  In the letter, Dr. Encarnacion explains that methadone was administered at the clinic "under a doctor's order and supervision" in "a very structured program."  Dr. Encarnacion then states:

> Studies of long term administration of methadone have confirmed that it is a medically safe drug.  It has been demonstrated that a dose of 20 to 120 mg per day is not toxic or dangerous to any organ or system even with continuous treatment up to 14 years.  When prescribed appropriately methadone does <u>not</u> impair psychomotor performances (reaction time, attention span or intellectual capacity), so the medication allows the patient to feel "normal" and function in everyday normal activities including driving and working.

(emphasis in original).

## ANALYSIS

In challenging the commission's decision, Dominion argues that (a) it complied with Rule 1.10 in providing notice of a willful misconduct defense through its June 1, 2007 letter and attachments; and (b) having done so, it was entitled, on the facts presented, to a presumption under Code § 65.2-306(B) to the effect:  (i) that Bowman was under the influence of methadone at the time of the accident, and (ii) that such influence caused the accident.[6]

---

[6] Dominion argues in the alternative that Bowman should be estopped from relying on Rule 1.10 as a bar to its willful misconduct defense because he admittedly provided false information to his health care provider in order to obtain the methadone, a Schedule II narcotic. Dominion, however, did not raise that issue before the full commission in its written statement on review; nor did it raise that issue in a timely-filed motion for rehearing or reconsideration after the full commission issued its opinion.  Thus, Rule 5A:18 bars our consideration of that issue for the first time on appeal.  See Rule 5A:18; Williams v. Gloucester Sheriff's Dep't, 266

- 5 -

In light of the commission's finding regarding causation, we need not address the validity of its interpretations of Rule 1.10 and Code § 65.2-306(B) relative to Dominion's willful misconduct defense. We will assume, without deciding, the commission erred in ruling that Dominion's June 1, 2007 letter and attachments did not comply with Rule 1.10's notice requirements and that the presumption under Code § 65.2-306(B) does not extend to the issue of causation.[7] Accordingly, for purposes of this decision, we will assume Dominion was entitled to the benefit of a rebuttable presumption that Bowman's methadone use caused his accident. But, based on the commission's factual finding that Bowman's methadone use was not the cause of the accident, we nevertheless affirm the commission's decision awarding benefits to Bowman.

Under settled principles, "we defer to the commission in its role as fact finder." Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 282, 623 S.E.2d 433, 436 (2005) (citing VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002)). "'If supported by credible evidence, the factual findings of the commission are binding on appeal.'" Id. (quoting Tomes v. James City Fire, 39 Va. App. 424, 430, 573 S.E.2d 312, 315 (2002)). This includes "'[t]he actual determination of causation,'" which "'is a factual finding.'" Pruden v. Plasser Am. Corp., 45 Va. App. 566, 576, 612 S.E.2d 738, 743 (2005) (quoting Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989)). Furthermore, "[o]n [an] employer's appeal from the decision of the commission, we view the evidence in the light most favorable to

Va. 409, 411, 587 S.E.2d 546, 548 (2003). Furthermore, Dominion does not argue that we should invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18, and we decline to do so *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

[7] As explained, *supra*, the commission interpreted Code § 65.2-306(B) as providing the basis for a rebuttable presumption that the claimant was under the influence of a nonprescribed controlled substance at the time of an accident if the claimant tested positive for the substance, but the burden remains on the employer to prove that such influence caused the accident. Dominion, on the other hand, argues that the presumption springing from a positive drug test extends to the issue of causation.

claimant, the prevailing party below." Herbert Clements & Sons, Inc. v. Harris, 52 Va. App. 447, 452, 663 S.E.2d 564, 567 (2008) (citation omitted).

Here, the commission expressly found that Bowman's use of methadone at the time of his accident did not, in fact, cause or contribute to the roof-bolting machine falling on his leg, as established by Bowman's medical evidence. Viewing Dr. Encarnacion's July 19, 2007 letter in the light most favorable to Bowman, we conclude it presents credible evidence in support of this finding.[8] Accordingly, this evidence rebutted any presumption that may have been accorded Dominion under Code § 65.2-306(B). In the letter, Dr. Encarnacion explained that at the clinic where Bowman received his methadone treatment the methadone was administered in a structured program under a doctor's order and supervision and that, where so administered, the medication does not interfere with the patient's normal activities, including the ability to work. Dominion's contention to the contrary notwithstanding, the fact Bowman obtained the methadone treatment at the clinic by false pretenses, in and of itself, fails to negate Dr. Encarnacion's opinion that the treatment, as administered, would not have affected Bowman's ability to perform his job.

Dominion offered no evidence on the causation issue and relied solely on Bowman's methadone use as the presumptive cause of his accident (based on Dominion's interpretation of Code § 65.2-306(B)). Dominion offered no evidence, medical or otherwise, rendering Dr. Encarnacion's opinion invalid. And, Dominion offered no evidence indicating that if Bowman was administered the methadone treatment under false pretenses without an addiction to certain narcotic medications, that it, in fact, would alter his psychomotor performances.

---

[8] We further conclude the commission was using a clear and convincing standard in making this finding based on the commission's comment in the preceding paragraph of its opinion that, had Dominion provided timely notice of its willful misconduct defense, "the burden may have shifted to [Bowman] to provide clear and convincing evidence that he was not intoxicated at the time of the accident." See Code § 65.2-306(B).

CONCLUSION

Credible evidence supports the commission's factual finding that Bowman's methadone use did not cause the accident. Accordingly, we affirm the commission's decision.

Affirmed.