COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, McClanahan and Petty
Argued at Lexington, Virginia


TRANS TECH AUTO, INC. AND
  PENINSULA INSURANCE COMPANY
                                                   MEMORANDUM OPINION[*] BY
v.        Record No. 2706-09-3            JUDGE ELIZABETH A. McCLANAHAN
                                                        JUNE 8, 2010
STEVEN TODD LANDES


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            S. Vernon Priddy III (Michael L. Goff, Jr.; Two Rivers Law Group,
            P.C., on briefs), for appellants.

            John B. Krall (Ritchie Law Firm, PLC, on brief), for appellee.


        Trans Tech Auto, Inc. and its insurer (collectively "Trans Tech") appeal a decision of the

Workers' Compensation Commission awarding temporary partial disability benefits to claimant,

Steven Todd Landes. Trans Tech argues the commission erred in awarding the benefits because

Landes failed to carry his burden to establish his lost earnings arising from his partial disability.

For the following reasons, we reverse the commission's award of partial disability benefits to

Landes and remand the case to the commission for reconsideration.

        Landes sustained injuries from a work-related accident while employed with Trans Tech

as a wrecker operator. After missing approximately four months of work due to his injuries,

Landes was released by his treating physician to do light-duty, sedentary work. Landes

eventually returned to Trans Tech working three hours a day, four days a week, in a light-duty

position.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Landes filed a claim with the commission seeking temporary partial disability benefits based on the injuries he sustained from the accident.[1] At the hearing before the deputy commissioner, the parties stipulated that Landes sustained compensable injuries from the accident. In defending the claim, however, Trans Tech argued, *inter alia*, that Landes suffered no actual wage loss based in part upon the fact that Landes operated his own trucking business from which he was receiving income. Related to Landes' request for temporary partial disability benefits, the deputy commissioner stated in his May 5, 2009 opinion:

> As to the wage loss, the [c]ommission finds that the claimant's testimony and the relevant case law indicate that the claimant is entitled to temporary partial disability benefits. . . . Although the claimant's trucking business showed an increase in gross receipts, the credible evidence was that the claimant was not paid a salary from this business. The claimant's primary source of income appears to have been his work for [Trans Tech] and, as a result of the accident, that income was diminished.

Accordingly, the deputy commissioner awarded Landes partial disability benefits "beginning December 6, 2008, forward and continuing."

Trans Tech appealed the deputy commissioner's decision to the full commission, which the commission affirmed, with one commissioner dissenting. In regard to the award of temporary partial disability benefits, the commission majority stated, in its November 6, 2009 opinion, as follows:

> Here, *we find that the claimant credibly testified that he is not receiving any income from his trucking business* and is losing money. Because of his disability, he must hire individuals to maintain his truck. While his gross receipts may be higher this year, they do not translate into more income for this claimant. As a result, his only income is from his job with the employer. Should he begin to receive income from the trucking business, he must report that change to the defendants. We, therefore, agree with the

---

[1] Landes also sought temporary total disability benefits and medical benefits, which the commission awarded to him, along with an award of temporary partial disability benefits. In the instant appeal, Trans Tech challenges only the temporary partial disability benefits award.

> [d]eputy [c]ommissioner's award of temporary partial disability
> benefits of $690.84 per week beginning December 6, 2008.

(Emphasis added.)

Trans Tech challenges this award in its appeal to this Court. We agree with Trans Tech that the commission erred in awarding these benefits because the evidence before the commission does not support its finding that Landes was receiving no "income" from his trucking business. See Dominion Coal Corp. v. Bowman, 53 Va. App. 367, 373, 672 S.E.2d 122, 126 (2009) (explaining that this Court is bound by the factual findings of the commission to the extent they are "'supported by credible evidence'" (quoting Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 282, 623 S.E.2d 433, 436 (2005))).

In reaching its decision, the commission, pointing to Landes' testimony at his hearing before the deputy commissioner, indicated that he only took "money from the trucking business after the work accident to pay his health insurance premiums." The commission, however, simply failed to recognize Landes' acknowledgement that he received "funds" from the trucking business for personal living expenses. More specifically, when asked on cross-examination during the hearing if he had "taken some of the funds from [the trucking business] and put them in [his] personal account," Landes answered, "Very little, enough to live on because I haven't had anything else."

Furthermore, in light of the fact that Landes was receiving "funds" from his trucking business, the commission was required, but failed, to make a determination as to whether those funds were wages or profit, or some combination thereof, in resolution of Landes' claim for lost wages arising from his compensable temporary partial disability. That determination was required because "Code § 65.2-502 provides that the compensation to be paid by an employer to an injured employee during the employee's partial incapacity for work is '66 2/3 percent of the difference between [the employee's] average weekly wages before the injury and *the average*

- 3 -

*weekly wages which [the employee] is able to earn thereafter*.'" NiSource, Inc. v. Thomas, 53 Va. App. 692, 712, 674 S.E.2d 581, 591 (2009) (emphasis in original); see Smith v. Smith, 32 Va. App. 242, 250, 527 S.E.2d 463, 467 (2000).

Thus, to the extent Landes was receiving wages from his trucking business, those wages would reduce his entitlement to workers' compensation benefits. See Nisource, Inc. 53 Va. App. at 710-20, 674 S.E.2d at 590-96; see also Commonwealth v. Swiney, 23 Va. App. 467, 470, 477 S.E.2d 777, 778 (1996) (defining wages as "'compensation of employees based on *time worked* or output of production'" (quoting Black's Law Dictionary 1416 (5th ed. 1979)) (emphasis in original)). That would not necessarily be true, however, to the extent Landes was receiving profits from his trucking company, which generally are not treated as wages under the Virginia Workers' Compensation Act. See Smith, 32 Va. App. at 252-56, 527 S.E.2d at 468-70. As explained in Smith, "[t]he general rule is that profits derived from a business are not to be considered as earnings [i.e., wages] and cannot be accepted as a measure of loss of earning power unless they are almost entirely the direct result of [the claimant's] personal management and endeavor." Id. at 253, 527 S.E.2d at 468 (citations and internal quotation marks omitted). Cf. NiSource, Inc. 53 Va. App. at 710-20, 674 S.E.2d at 590-96 (affirming commission's imputation of wages to partially disabled claimant, who was an officer of a family-owned business, based on the hourly value of the work claimant performed for the business).

For these reasons, we reverse the commission's award of temporary partial disability benefits to Landes and remand the case to the commission for reconsideration consistent with this decision.

Reversed and remanded.