PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Huff and Senior Judge Annunziata
Argued at Lexington, Virginia

DOLLAR TREE STORES, INC. AND
  ARCH INSURANCE COMPANY

v.      Record No. 0474-14-3

ELIZABETH A. WILSON

OPINION BY
JUDGE GLEN A. HUFF
DECEMBER 2, 2014

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Matthew J. Griffin (Emily O. Sealy; Midkiff, Muncie & Ross,
P.C., on brief), for appellants.

Elizabeth A. Wilson, *pro se*.

Dollar Tree Stores, Inc. ("employer") appeals a decision of the Virginia Workers'

Compensation Commission ("commission") finding that Elizabeth A. Wilson ("claimant")

suffered a compensable injury.  On appeal, employer asserts that the commission "erred in

finding that the claimant sustained a compensable injury by accident arising out of her

employment, given that the evidence did not prove that the injury was caused by an actual risk of

the employment or an actual risk inherent and unique to the employment."  For the following

reasons, this Court affirms the commission's ruling.

I.  BACKGROUND

On appeals from the commission, "we review the evidence in the light most favorable to

the prevailing party."  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d

788, 788 (1990).  If supported by credible evidence, the commission's factual findings are

"binding on appeal," Tomes v. James City Fire, 39 Va. App. 424, 430, 573 S.E.2d 312, 315

(2002), "even though there is evidence in the record to support a contrary finding," Morris v.

Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986). When "determining whether credible evidence exists," we cannot "retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of the witnesses." Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). In addition, the commission's "conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983). So viewed, the evidence is as follows.

On October 21, 2011, claimant was employed as the manager of the Dollar Tree Store in Altavista, Virginia. The store's layout, at that time, consisted of aisles, "gondolas," and "end caps" for product displays and sale to the general public. The store also had four cash registers. At the front of one of the registers was a water display stack ("water stack"), which consisted of cases of one-gallon water containers that were stacked three cases deep and three cases wide.

As store manager, claimant was responsible for "closing out" the store's registers at the end of each day. Around closing time on the day of the incident, claimant "closed out" a register that Robin East ("East"), a store employee, had been using. Claimant handed East the register drawer, and East started walking with the drawer towards claimant's office. Claimant turned to follow East, but "caught [her] foot on [the water] stack" as she was going "around the end of the . . . register." Claimant "grabbed the end of the register" to keep herself from falling, but testified that she felt "immediate pain." Additionally, claimant testified that she did not have to "turn sideways," "back up," or "walk unusually" to get past the water stack.

After tripping over the water stack, claimant did not initially realize how "severe . . . it was." Consequently, she finished closing down the store for the day. A week later, however, claimant sought medical attention from Dr. Robert Sydnor ("Sydnor"). An MRI revealed "a nondisplaced stress fracture at the left femoral neck and low grade stress reaction of the right

- 2 -

femoral neck." Claimant underwent surgery to repair the fracture, and Sydnor released her to return to light-duty work on December 21, 2011. Claimant resumed earning her usual salary on December 25, 2011, although she did not return to work until January 3, 2012. Sydnor released claimant of all restrictions on March 13, 2012.

Claimant filed a claim with the commission on February 9, 2012 seeking temporary total disability benefits from October 22, 2011 through December 28, 2011 and temporary partial disability benefits from December 29, 2011 through March 12, 2012. On August 9, 2012, the deputy commissioner denied the claim for benefits, holding that claimant failed to meet her burden of establishing that her injury arose out of her employment. Claimant appealed this decision to the full commission, which reversed the deputy commissioner, holding that the water stack constituted a "workplace hazard," and remanded the case for consideration of remaining issues. On remand, the deputy commissioner held that claimant suffered a compensable injury by accident and awarded claimant various periods of temporary total and temporary partial disability benefits. Employer appealed this decision to the full commission, which affirmed the deputy commissioner's finding of a compensable injury by accident, but modified the compensation award. This appeal followed.

## II. ANALYSIS

On appeal, employer contends that the commission erred by finding that claimant suffered a compensable injury. Specifically, employer argues there was no evidence showing that claimant's injury arose out of her employment.

"Whether an injury arises out of . . . employment involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001) (citing Norfolk Cnty. Hosp. v. Smith, 33 Va. App. 1, 4, 531 S.E.2d 576, 578 (2000)); see also Dublin Garment Co. v. Jones, 2 Va. App. 165, 167, 342 S.E.2d 638, 638

(1986).  On review to this Court, "'[d]ecisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'"  VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997)).

Under Virginia's workers' compensation statutes, "'injury' means only injury by accident arising out of and in the course of the employment."  Code § 65.2-101.

> Thus, for an injury to be compensable under the Workers' Compensation Act, the claimant must prove by a preponderance of the evidence three elements:  (1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment.

Southland Corp. v. Parson, 1 Va. App. 281, 283-84, 338 S.E.2d 162, 163 (1985).  The "concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded."[1]  PYA/Monarch & Reliance Ins. Co. v. Harris, 22 Va. App. 215, 221, 468 S.E.2d 688, 689 (1996) (quoting Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993) (*en banc*)).

Virginia adheres to the actual risk test to determine whether an injury arises out of the employment.  Cnty. of Chesterfield v. Johnson, 237 Va. 180, 185, 376 S.E.2d 73, 75-76 (1989).  "The phrase arising 'out of' refers to the origin or cause of the injury."  Id. at 183, 376 S.E.2d at 74.  Under the actual risk test, an injury arises out of the employment when "'there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'"  Marketing Profiles, 17 Va. App. at 434, 437 S.E.2d at 729 (quoting Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938)).  Conversely,

---

[1] It is not contested in the present case that claimant's injury occurred "in the course of" her employment.

- 4 -

> [a]n injury does not arise out of the employment when it "cannot fairly be traced to the employment as a contributing proximate cause and . . . comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood."

Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63-64, 526 S.E.2d 295, 297 (2000) (quoting Bradshaw, 170 Va. at 335, 196 S.E. at 686).

In the present case, this Court holds that the commission did not err by concluding that claimant's injury arose out of her employment. Specifically, claimant's employment required her to maneuver around the water stack after closing out the register for the day. As she was doing so, her left foot caught the corner of the water stack, resulting in the injury. The commission found, as a matter of fact, that the water stack was a hazard peculiar to the workplace when it identified the stack as a "workplace hazard." On appeal, this Court cannot disturb this factual determination as it is supported by credible evidence. See Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010) ("[W]e must defer to the commission's findings of fact if supported by credible evidence in the record.").

The present case is distinguishable from this Court's unpublished opinion in Jennings v. Richmond Pub. Schs., No. 2497-11-2, 2012 Va. App. LEXIS 212 (Va. Ct. App. June 26, 2012), upon which employer relies. In Jennings, the claimant tripped over the threshold of a doorway, resulting in injury. The commission, sitting as the trier of fact, found "no evidence that the threshold was unusual" or "defective in any way." Id. at *2. As such, it did not constitute a hazard peculiar to the claimant's employment. By contrast, in the present case, the commission was entitled to conclude that the water stack, around which claimant was required to maneuver as a part of her employment, was peculiar to claimant's workplace and not "common to the neighborhood." Bradshaw, 170 Va. at 335, 196 S.E. at 686.

- 5 -

## III. CONCLUSION

For the foregoing reasons, this Court affirms the commission's ruling that claimant's injury arose out of her employment.

<u>Affirmed.</u>