UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Huff, Judge Humphreys and Senior Judge Annunziata
Argued at Alexandria, Virginia

AV AUTOMOTIVE AND VADAGROUP
 SELF-INSURANCE ASSOCIATION

MEMORANDUM OPINION[*] BY
v.      Record No. 1432-16-4              JUDGE ROBERT J. HUMPHREYS
                                          FEBRUARY 7, 2017

YAHIA MOHAMMED


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION


Ian A. Spreat (Joshua M. Wulf; Pietro F. Sanitate; Midkiff,
Muncie & Ross, P.C., on brief), for appellants.

Arturo H. Hernandez (Arturo H. Hernandez, PC, on brief), for
appellee.


AV Automotive (AV) appeals the August 3, 2016 decision of the Virginia Workers'

Compensation Commission (the "Commission") awarding Yahia Mohammed ("Mohammed")

medical benefits and temporary total disability benefits.  AV's single assignment of error is that

the Commission erred in finding that Mohammed proved an injury by accident arising of out his

employment.

"On appeal, this Court views the evidence in the light most favorable to the prevailing

party below."  Town & Country Hosp., LP v. Davis, 64 Va. App. 658, 660, 770 S.E.2d 790, 791

(2015).  "If supported by credible evidence, the factual findings of the commission are binding

on appeal.  This includes the actual determination of causation, which is a factual finding."

Dominion Coal Corp. v. Bowman, 53 Va. App. 367, 373-74, 672 S.E.2d 122, 126 (2009)

(citations omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover, as this opinion has no precedential value, we recite only those facts necessary to our holding.

Pursuant to the Virginia Workers' Compensation Act, a claimant must prove that he "suffered an injury by accident arising out of and in the course of the employment." TBC Corp. v. Stephens, 49 Va. App. 650, 655, 644 S.E.2d 84, 87 (2007) (quoting Virginia Employment Commission/Commonwealth v. Hale, 43 Va. App. 379, 384, 598 S.E.2d 327, 329 (2005)). A claimant must prove by a preponderance of the evidence that he has satisfied the separate and distinct requirements of "arising out of" and "in the course of." Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 92, 493 S.E.2d 384, 387 (1997) (*en banc*). In this case, the sole issue on appeal is whether Mohammed's injury arose out of his employment.[1] Whether an employee's work-related injury arises out of his employment "involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001).

"The phrase 'arising out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "Virginia employs the actual risk test." Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63, 526 S.E.2d 295, 297 (2000).

> Under the actual risk test, an injury arises out of the employment when "'there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Marketing Profiles [v. Hill], 17 Va. App. [431,] 434, 437 S.E.2d [727,] 729 [(1993) (*en banc*)] (quoting Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938)).
> Conversely, "[a]n injury does not arise out of the employment when it 'cannot fairly be traced to the employment as a contributing proximate cause and . . . comes from a hazard to which the workmen would have been equally exposed apart from

---

[1] "The phrase 'in the course of' refers to the time, place and circumstances under which the accident occurred.'" TBC Corp., 49 Va. App at 655, 644 S.E.2d at 87 (quoting County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989)). Yet, in this case, it is not disputed that Mohammed sustained an injury in the course of his employment.

the employment.  The causative danger must be peculiar to the work and not common to the neighborhood.'" Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63-64, 526 S.E.2d 295, 297 (2000) (quoting Bradshaw, 170 Va. at 335, 196 S.E. at 686).

Dollar Tree Stores, Inc. v. Wilson, 64 Va. App. 103, 108-09, 765 S.E.2d 151, 153 (2014).

On July 13, 2015, Mohammed fell on AV's showroom floor while walking away from his general manager's, Salim Alakim, office and sustained a fracture to the humerus bone in his right forearm.  AV argues the Commission's decision that Mohammed's injury was a work-related injury arising out of his employment is not supported by credible evidence because the medical reports and Mohammed's July 17, 2015 recorded statements to Vonita Crawley ("Crawley"), a Senior Account Claims Adjustor for PMA Management Corporation, question the credibility of Mohammed's hearing testimony.  Essentially, AV argues that Mohammed never made a contemporaneous statement about the reason for his fall to any medical personnel and did not state that the floor was slippery during his initial interview with Crawley.

AV speculates that Mohammed's fall could have been caused by a slippery substance on his shoes; however, there is no credible evidence in the record to support this argument.  Rather, the Commission found the cause for Mohammed's fall to be a slippery floor.  Because this is the actual determination of causation, it is a factual finding and binding on this Court.  See Bowman, 53 Va. App. at 373-74, 672 S.E.2d at 126.  Mohammed's testimony before the Commission that he fell because the floor was slippery and the surveillance camera video that clearly shows that Mohammed's fall was the result of slipping on the floor provide ample credible support for the Commission to determine the cause of the fall.  In this case, the slippery showroom floor was a hazard to which Mohammed would not have been equally exposed apart from the employment.  Therefore, because Mohammed, as the claimant, proved by a preponderance of the evidence that he has satisfied the requirements of "arising out of" employment, we affirm the Commission's

decision awarding Mohammed medical benefits due to his injury and temporary disability benefits from July 14, 2015 through October 29, 2015.

Affirmed.