COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Salem, Virginia


DONNA MAE VINT

v.   Record No. 1458-99-3

ALLEGHANY REGIONAL HOSPITAL
 AND CONTINENTAL CASUALTY COMPANY

OPINION BY
JUDGE RUDOLPH BUMGARDNER, III
MARCH 21, 2000


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

William A. Parks, Jr., for appellant.

Mark K. Cathey (Robert M. McAdam; Jones &
Glenn, P.L.C., on brief), for appellees.


Donna Mae Vint appeals the Workers' Compensation
Commission's denial of her claim for benefits.  She contends the
commission erred in finding that she did not suffer an injury
arising out of her employment.  To prevail on appeal, the
claimant must establish that as a matter of law her injury arose
out of the employment.  See Tomko v. Michael's Plastering, 210
Va. 697, 699, 173 S.E.2d 833, 835 (1970).  We affirm the denial
of benefits because the evidence fails to establish, as a matter
of law, that the injury arose out of the employment.

On March 16, 1998, the claimant was employed as a
housekeeper for Alleghany Regional Hospital when she injured her
back.  Her duties required her to clean patients' rooms
including emptying trash cans.  The claimant bent down to get a

plastic liner from a trash can. When she had the liner in her hand, but before picking it up, she felt a sudden pain in her lower back. The claimant let go of the liner and held her back. The intense pain took her breath away. Although she had trouble walking, the claimant completed her shift that evening.

The commission found that the claimant failed to establish that her injury arose out of her employment and reversed the deputy's award of benefits. The commission relied on Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 382 S.E.2d 305 (1989), and distinguished Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 493 S.E.2d 384 (1997) (en banc), in reaching its decision.

The claimant's injury was sustained during the course of her employment. In order to be compensable, however, the injury "must also arise out of the employment; the injury must be caused by the conditions of the workplace." Barbour, 8 Va. App. at 483, 382 S.E.2d at 305. The claimant must "prove by a preponderance of the evidence that the accident 'arose out of and in the course of his employment,' and the words cannot be liberalized by judicial interpretation for the purpose of allowing compensation on every claim asserted." Conner v. Bragg, 203 Va. 204, 208, 123 S.E.2d 393, 396 (1962).

Virginia employs the actual risk test. See County of Chesterfield v. Johnson, 237 Va. 180, 376 S.E.2d 73 (1989) (no evidence that "actual risk" of employment caused injury). A

-

claimant's injury arises out of the employment if the manner in which the employer requires the work to be performed is causally related to the resulting injury. See Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938). An injury does not arise out of the employment when it "cannot fairly be traced to the employment as a contributing proximate cause and . . . comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood." Id. (emphasis added) (citation omitted).

The claimant relies on Wyatt, 26 Va. App. 87, 493 S.E.2d 384. Wyatt, a knitting machine operator, was required to replace empty creels of yarn located 2 inches off the ground on her machine. She repeated this task, which required her to do deep-knee bends, approximately 200 times per 12-hour shift. While replacing the yarn, she heard a pop, and was unable to straighten her leg. This Court ruled that the injury was compensable because the employment required an unusual, repetitive movement. The "unique demands of operating the . . . machine provided the 'critical link' between claimant's employment and her injury." Id. at 93, 493 S.E.2d at 387. Wyatt's risk of injury was directly associated with her employment, the risk directly contributed to cause the injury, and the risk far exceeded the general public's exposure. See

-

id. at 94-95, 493 S.E.2d at 388; Bradshaw, 170 Va. at 335, 196 S.E. at 686.

Wyatt is distinguishable on the facts.  Here, the claimant was merely bending over when she felt a sudden pain in her back.  She did not twist or turn, nor was she required to twist or turn incidental to the bending or lifting.  Cf. First Federal Savings & Loan Ass'n v. Gryder, 9 Va. App. 60, 65, 383 S.E.2d 755, 758-59 (1989) (injury arose out of employment when Gryder jerked or twisted in attempt to answer phone in order to avoid falling off stool when her shoe heel got stuck in its rim).  The claimant did not lift anything.  Nor was there anything peculiar about the act of bending over to retrieve a trash bag which made her injury compensable.  No evidence proved anything unique about the height of the trash can or that the claimant was subjected to repetitive bending.  There was no work-related condition that caused the injury to claimant's back.

The risk of injury must be peculiar to the job and not one to which the general public is equally exposed.  The commission relied on Barbour in which a plumber was denied benefits when he bent over to pick up a piece of plastic pipe and felt a sudden pain in his back before touching or picking up the pipe.  Barbour is analogous to the present situation.  In Barbour, this Court held that "[t]he mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable."  8 Va. App. at 484,

-

382 S.E.2d at 306. An injury resulting from merely bending over to do something does not arise out of the employment.

In Johnson, 237 Va. at 183-84, 376 S.E.2d at 74, a water plant operator was walking up stairs when he realized he forgot to check a meter. He turned to go down the stairs and his knee gave way resulting in his injury. The stairs were not defective and claimant did not fall, nor did he injure himself by climbing or descending the stairs. The Supreme Court held that an injury resulting from turning was not compensable, even though the claimant was on the mission of his employer, because the work environment did not cause the injury.

In United Parcel Service v. Fetterman, 230 Va. 257, 336 S.E.2d 892 (1985), a deliveryman injured his back when he raised his foot onto the back of his truck and bent to tie his shoe. The Supreme Court held that there was no causal connection between his injury and the conditions under which the work was to be performed. An injury which "comes from a hazard to which the employee would have been exposed equally apart from the employment," is not compensable. Id. at 258, 336 S.E.2d at 893. Because everyone with laced shoes must bend down to tie them, the claimant's injury was not peculiar to the requirements of his employment.

We recognize that the claimant was performing her employment duties when she was injured. However, that issue alone is not dispositive. See id. There must exist a causative

-

danger peculiar to the claimant's work.  See Bradshaw, 170 Va. at 335, 196 S.E. at 686.  Moreover, the act of merely bending over is a risk to which the general public is equally exposed. See id.; Barbour, 8 Va. App. at 484, 382 S.E.2d at 306.

Because we conclude that the claimant's injury did not arise out of her employment, we do not address the issue of whether she failed to market her residual earning capacity. Accordingly, we affirm the denial of the claim.

Affirmed.