COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Humphreys and
        Senior Judge Overton


WILLIAM RAY HELFER

                                    MEMORANDUM OPINION*
v.    Record No. 3094-02-2            PER CURIAM
                                      APRIL 15, 2003
VIRGINIA DEPARTMENT OF
 REHABILITATIVE SERVICES


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert L. Flax; Flax & Stout, on briefs),
            for appellant.

            (Jerry W. Kilgore, Attorney General; Judith
            Williams Jagdmann, Deputy Attorney General;
            Edward M. Macon, Senior Assistant Attorney
            General; Scott John Fitzgerald, Assistant
            Attorney General, on brief), for appellee.


     William R. Helfer contends the Workers' Compensation

Commission erred in finding that (1) he failed to prove he

sustained a sudden mechanical change in his body as a result of

an identifiable incident occurring at work on July 26, 1999; and

(2) the determination of the etiology of his groin pain was

necessary to support a finding of a compensable injury by

accident.  Upon reviewing the record and the parties' briefs, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that Helfer's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Helfer, a partial quadriplegic since 1988, testified that on July 26, 1999, while at work, he picked up a three-ring binder and as he tried to hand it to a co-worker, he felt "a tearing sensation in [his] groin area." He dropped the binder and leaned over in his wheelchair. Helfer wears a brace, which allows him to use a three-point finger pinch to pick up an item. Helfer did not determine the weight of the binder and never counted its pages. Helfer testified that he still suffers from severe groin pain, which he did not suffer from before July 26, 1999. Helfer's co-worker called his supervisor, Dale Batten, immediately after the incident.

Before July 26, 1999, Helfer had suffered from urinary tract infections and bladder and bowel problems, as well as other medical problems related to his 1988 spinal cord injury.

Helfer's co-worker, Patricia Norton, described the binder as a "small one" and as an "about a one inch folder," and testified that it weighed "[p]robably a pound or two."

Batten testified in her deposition that on July 26, 1999, she was called to Helfer's office and saw him in his wheelchair "in severe pain in the lower extremity area." Helfer told her he had lifted a binder and felt severe pain. Batten described the binder as "about 1 inch."

On July 26, 1999, Helfer's treating physician, Dr. Gregory Leghart, diagnosed Helfer as suffering from another urinary tract infection, "but no other significant pathology." Dr. Leghart noted that later medical treatment including "[a]n exhaustive, thorough evaluation . . . never definitively revealed the true etiology." Although Dr. Leghart opined that there was "no doubt in my mind that there was an injury at work which caused [Helfer's] left groin pain," he did not explain how the injury occurred nor did he identify any specific groin injury or any location of any sudden structural or mechanical change in Helfer's body. He opined that Helfer sustained an injury at work based solely upon Helfer's report of increased pain.

The commission ruled that Helfer failed to prove that his groin condition was the result of any injury by accident arising out of and in the course of his employment on July 26, 1999. In so ruling, the commission found as follows:

> Although Dr. Leghart opined that there was "no doubt" that [Helfer] injured his groin at work on July 26, 1999, he also was unable to diagnose [Helfer's] problem. We are not persuaded by Dr. Leghart's opinion, which only states that [Helfer] injured his groin but does not reasonably explain what the injury was or how it occurred. Although Dr. Leghart referred to [Helfer's] condition as a groin "strain," it was clear from the record that Dr. Leghart was approximating [Helfer's] condition based on the failure of medical treatment to find a cause for the condition.
>
> We recognize that the evidence was strong that [Helfer's] condition was severe and disabling. Before the employer is held responsible for his condition, however, [Helfer] was required to show that the condition was caused by an injury by accident. The evidence did not show what caused his accident, much less that it was caused by his employment. We do not believe the medical evidence established [Helfer's] work as the source of his groin condition.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission weighed Dr. Leghart's medical records and opinions, and concluded that they did not provide sufficient evidence to prove by a preponderance that Helfer's groin condition was caused by a

- 4 -

compensable injury by accident occurring at work on July 26, 1999. In light of Dr. Leghart's failure to explain the nature of Helfer's injury and how lifting the one-inch binder caused the injury, the commission, as fact finder, was entitled to give little probative weight to his opinion. In light of the lack of any persuasive medical evidence to establish that Helfer's groin condition was caused by an injury by accident arising out of and in the course of his employment on July 26, 1999, we cannot find as a matter of law that Helfer sustained his burden of proof.

In addition, in affirming the deputy commissioner's decision, the commission necessarily affirmed his finding that Helfer failed to prove that he sustained an injury by accident arising out of his employment on July 26, 1999.[1]

Virginia uses the actual risk test to determine whether an injury arises out of employment. Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63, 526 S.E.2d 295, 297 (2000). "The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App.

---

[1] Helfer argues that by not specifically rejecting the deputy commissioner's finding that Helfer failed to prove he sustained an injury by accident arising out of his employment on July 26, 1999, the full commission necessarily accepted Helfer's contention. We disagree. Although not specifically addressing the "arising out of" issue, the commission affirmed the deputy commissioner's opinion in its entirety. Although Helfer did not raise the "arising out of" issue as a separate question presented in his brief, he addressed this issue in the "Argument" section of his brief.

482, 484, 382 S.E.2d 305, 306 (1989).  A claimant must establish "that the conditions of the workplace or . . . some significant work related exertion caused the injury."  Id.  Thus, "the arising out of test excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment.  The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship.'"  Johnson, 237 Va. at 183-84, 376 S.E.2d at 75 (citation omitted).  The commission's decision regarding this question involves a mixed question of fact and law.  Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

Here, no evidence showed that Helfer engaged in any significant exertion, that his action of handing the one-inch binder to his co-worker involved any awkward position, and/or that any condition or hazard peculiar to his workplace caused his injury.  Accordingly, we affirm the commission's finding that Helfer failed to prove he sustained an injury by accident arising out of his employment on July 26, 1999.

For these reasons, we affirm the commission's decision.

Affirmed.

- 6 -