COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and Bumgardner
Argued at Richmond, Virginia


HERITAGE HALL AND
 SECURITY INSURANCE COMPANY
 OF HARTFORD

                                                              OPINION BY
v.      Record No. 0620-05-3              JUDGE RUDOLPH BUMGARDNER, III
                                                           NOVEMBER 8, 2005
TINA CRABTREE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Tracey Alice Berry (Ramesh Murthy; Penn, Stuart & Eskridge, on
            briefs), for appellants.

            Kerry S. Hay (Lee & Phipps, P.C., on brief), for appellee.


        Heritage Hall and its insurer appeal the award of benefits for a knee injury that Tina

Crabtree sustained at work.  The employer contends the worker's fall did not arise out of her

employment.  Finding no error, we affirm.

        On appeal, we consider the evidence in the light most favorable to the worker and affirm

the commission's decision when it is supported by credible evidence in the record.  R.G. Moore

Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Determining

whether an injury arose out of the employment is a mixed question of law and fact reviewable on

appeal.  Hill v. Southern Tank Transp. Inc., 44 Va. App. 725, 730, 607 S.E.2d 730, 732 (2005).

        The worker was an environmental aide in a nursing home.  Her duties included taking out

the trash, sweeping, and vacuuming.  While talking to a colleague in the hall, she observed a

resident, who was about fifteen feet from her, set off a motion sensor by walking toward an exit

door.  Believing the resident's safety was important, the worker took off "at a jog" to keep the

resident from leaving and to turn off the alarm. When she got to the water fountain, her left knee "popped" when she tried to stop. She felt a sharp, shooting pain in her knee. The worker did not know why her knee popped. She did not know if there was water on the floor although the floors had just been mopped and the mop machine leaves water streaks. She tore the posterior horn of the medial meniscus.

The deputy commissioner denied the worker's claim for benefits on the ground that her injury did not arise out of the employment. No evidence explained why or how her knee popped or how she tore her meniscus. The full commission reversed finding the worker "injured her knee while rushing down the hall to prevent a resident from possibly leaving the building and to turn off the sensor the patient had set off." The commission acknowledged the employer's argument that rushing to prevent a patient from leaving the facility was not one of the worker's employment responsibilities. Nonetheless, it found that her actions "were reasonably incidental to her specific duties, benefited her employer and were consistent with the actions of what would be expected of an employee when confronted with this kind of situation at work."

The commission relied upon Dhaliwal v. INOVA Cameron Glen Care Center, VWC No. 206-49-09 (July 12, 2002). In that case, a registered nurse was dispensing medication in an Alzheimer's unit when the phone rang. She believed the call was from a doctor whom she had paged regarding a patient's emergency, and she rushed to answer the phone. As she ran, the nurse turned her foot and fell. The commission found that the injury arose out of the employment because rushing to the telephone was a condition of her employment.

Virginia adheres to the actual risk test. County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). An injury arises out of the employment when "'there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'"

Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 434, 437 S.E.2d 727, 729 (1993) (quoting

Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938)).

> "'[I]f the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment.'"

R & T Investments v. Johns, 228 Va. 249, 252-53, 321 S.E.2d 287, 289 (1984) (citations

omitted). A condition of the workplace must cause or contribute to the injury. Id.

The protection of residents was a condition of the nursing home. The worker's response

of hurrying to the aid of a patient and to cut off the alarm benefited her employer. It was a

reaction reasonably to be expected of an employee of that workplace when faced with an alarm

set off by a patient. Her conduct in trying to protect the resident was "reasonably incidental" to

her duties as an employee of a nursing home. The purpose of an alarm is to alert and warn of

potential danger. The worker's knee popped when she went to stop while rushing to prevent a

resident from exiting the facility and to turn off the alarm. The worker's risk of injury was

"peculiar to [her] job and not one to which the general public is equally exposed." Vint v.

Alleghany Reg'l Hosp., 32 Va. App. 60, 65, 526 S.E.2d 295, 297 (2000).

"Where reasonable inferences may be drawn from the evidence in support of the

commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v.

Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). See Wagner

Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (appellate court does not

retry facts, reweigh the evidence or make its own credibility determinations). Unless we can say

as a matter of law that the evidence proved that the worker's injury did not arise out of the

employment, the commission's factual findings are binding and conclusive upon us. Tomko v.

Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The worker's response and the injury that resulted arose as a natural incident of her work and the conditions under which she performed it. The conditions of the workplace caused her injury. Accordingly, we affirm the commission.

Affirmed.