COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Chafin, O'Brien and Malveaux
Argued at Salem, Virginia


WOODROW W. NELSON

v.        Record No. 0313-17-3

TOWN OF CHRISTIANSBURG AND
  STARNET INSURANCE COMPANY

MEMORANDUM OPINION* BY
JUDGE MARY BENNETT MALVEAUX
OCTOBER 3, 2017


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Bradford M. Young (Hammond Townsend, PLC, on briefs), for
> appellant.
>
> Roberta A. Perko (Christopher M. Kite; Lucas & Kite, PLC, on
> brief), for appellees.


Woodrow W. Nelson ("claimant") appeals a decision of the Virginia Workers'

Compensation Commission denying his claim for benefits.  On appeal, he contends that the

Commission erred in finding that no work-related risk or hazard resulted in his injury and that his

injury did not arise from an actual risk of employment.  For the following reasons, we affirm the

Commission's decision.

I.  BACKGROUND

"On appeal from a decision of the Workers' Compensation Commission, the evidence

and all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the party prevailing below."  Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83,

608 S.E.2d 512, 517 (2005) (*en banc*).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At the time of his injury, claimant was employed as a utility supervisor by the Town of Christiansburg ("employer"). As part of his normal job duties, claimant marked the location of utility lines. This process involved reaching into below-ground meters and clipping transmitters onto them. Claimant would then use a receiver above ground to walk and mark the utility lines with paint. After marking the lines, claimant would reach back into the meters and unclip the transmitters.

On June 24, 2015, claimant had finished this work at a water meter placed approximately two feet deep into the ground. Claimant was kneeling on the ground, with his backside on his heel bones, and had been in that position for a minute or two. As claimant rose, he simultaneously turned to his right to go to his truck. As he twisted to his right, "something popped" in his back and he "went straight back down on the ground." Claimant felt this "pop" after rising approximately three-fourths of the way to a standing position.

As he rose, claimant had several tools in his hands—a transmitter, a receiver, a meter box puller, and a ground rod. He estimated that these tools weighed about eleven pounds, and testified that they were "not extremely" heavy. Claimant testified in his deposition that he could not say whether holding the objects had anything to do with his injury, but noted that the amount of items in his hand had some effect on his ability to maintain balance or stand up as he rose from the ground. However, he later clarified in his deposition that he did not lose his balance, and in fact "just fell" after he felt the "pop" in his back. Claimant later testified before the deputy commissioner that the weight of the objects did not create any problems for him as he stood up, but that attempting to control them at the same time did create "a little bit" of a problem.

Claimant acknowledged that he was not in an awkward position at the time of the incident. The meter was in a "pretty wide open and flat" grassy yard, which was "level with a

little small dip." The terrain around the meter did not require claimant to exert any physical effort when kneeling.

Claimant testified that when he was injured, he was performing "an ordinary function" of his job. In fifteen years of working for employer, claimant had marked utility lines "hundreds of times if not thousands." Claimant did not know why the incident occurred, because the occasion was otherwise no different from any other time he performed that job.

Claimant filed a claim for benefits on March 16, 2016. Claimant sought a medical award for back and right lower extremity injury and temporary total disability compensation from June 27, 2015 to August 23, 2015.

The deputy commissioner denied claimant's claim for medical and temporary total disability benefits on the ground that claimant had not proven that his injury arose from an actual risk of his employment. On review, the full Commission affirmed the decision of the deputy commissioner, finding that the evidence failed to establish that any work-related risk or hazard resulted in injury; instead, claimant merely rose from performing a normal work duty while in a squatting position. One commissioner dissented, finding that claimant's injury resulted from the exertion and awkward positioning of his body as he turned while rising from a kneeling position required by his work. That commissioner concluded that the facts before him were not distinguishable from Grove v. Allied Signal, Inc., 15 Va. App. 17, 421 S.E.2d 32 (1992), and Orleans v. Dillard, VWC File No. 805655 (Mar. 10, 2014). This appeal followed.

## II. ANALYSIS

On appeal, claimant argues that the Commission erred in finding that his injury did not arise from an actual risk of employment and in finding that no work-related risk or hazard resulted in his injury.

In order to obtain compensation for an injury, a claimant must prove by a preponderance of the evidence that he or she suffered an injury "arising out of and in the course of the employment." Code § 65.2-101. "Whether an injury arises out of . . . employment involves a mixed question of law and fact, which we review *de novo* on appeal." Jackson v. Ceres Marine Terminals, Inc., 64 Va. App. 459, 463, 769 S.E.2d 276, 278 (2015) (alteration in original) (quoting Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001)). The Commission's factual decisions are "conclusive and binding" if supported by credible evidence. Id. (quoting VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002)).

In determining whether an injury arises out of employment, "Virginia employs the actual risk test." Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 828, 537 S.E.2d 35, 37 (2000) (quoting Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63, 526 S.E.2d 295, 297 (2000)). Under this test, an injury is considered to have arisen out of the employment "if the manner in which the employer requires the work to be performed is causally related to the resulting injury." Id. (quoting Vint, 32 Va. App. at 63, 526 S.E.2d at 297). The general rule is that "[t]he causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant." Turf Care v. Henson, 51 Va. App. 318, 325, 657 S.E.2d 787, 790 (2008) (quoting Basement Waterproofing v. Beland, 43 Va. App. 352, 356-57, 597 S.E.2d 286, 288 (2004)). "The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).

Contrary to the conclusion reached by the Commission, claimant contends that his injury was compensable because the body positions and movements required by his employment were a

hazard that he would not have been equally exposed to apart from his employment. We are not persuaded by this argument.

We are guided by Southside Virginia Training Center v. Ellis, 33 Va. App. 824, 537 S.E.2d 35 (2000), in making this determination.[1] In Ellis, the claimant's work at times required him to place empty food trays on top of a cart, or in one of the lower slots if the top of the cart was full. Id. at 826, 537 S.E.2d at 36. The claimant sustained a back injury after lifting an empty tray, which held a bowl and plate and weighed around ten pounds or less, and then "twist[ing] to his side" and "ben[ding] from the waist" to put the tray in the cart. Id. at 827, 537 S.E.2d at 36. The claimant had to bend to a point approximately twelve inches above floor level to slide the tray into an empty lower slot on the cart. Id. As he stood up, his back went out. Id. The Commission found his injury to be compensable. Id. at 827-28, 537 S.E.2d at 36. Our Court reversed this decision, clarifying that "[s]imple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." Id. at 829, 537 S.E.2d at 37. Our Court noted that the claimant's testimony established that he was injured "after bending to pick up the tray," a movement "neither unusual, awkward, nor something that [the claimant] was required to do on a repetitive basis." Id. The claimant's injury was not compensable "[because] merely bending over is a risk to which the general public is equally exposed." Id. at 829-30, 537 S.E.2d at 37 (quoting Vint, 32 Va. App. at 66, 526 S.E.2d at 298).

Here, claimant candidly testified that there were no contributing environmental factors involved in his injury. Claimant, while kneeling, reached approximately two feet into the ground

---

[1] Claimant also argues on brief that the Commission misstated the legal principle of Ellis in its majority opinion. However, claimant did not raise this argument before the Commission in a motion for rehearing or a motion for reconsideration so as to allow the Commission the opportunity to address it and to correct any perceived error. Accordingly, we will not consider it for the first time on appeal. See Williams v. Gloucester Sheriff's Dept., 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003); Rule 5A:18.

and unclipped a transmitter from a meter. While rising, he twisted to his right and felt a "pop" in his back. Claimant had several tools in his hands, and admitted that their weight was not an issue and that his attempt to control them as he rose only created "a little bit" of a problem for him. Claimant acknowledged that he was not in an awkward position at the time of his injury and that the relatively flat area surrounding the meter did not require him to exert any physical effort to kneel. As in Ellis, there were no contributing environmental factors surrounding claimant's normal act of rising from a squatted position, and thus claimant's employment did not expose him to a hazard or risk that resulted in his injury.

Claimant further argues that the Commission's determination was erroneous because the instant case is controlled by prior decisions of this Court, Grove v. Allied Signal, Inc., 15 Va. App. 17, 421 S.E.2d 32 (1992), and Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 493 S.E.2d 384 (1997) (*en banc*).[2] Each is factually distinguishable from the case at hand.

---

[2] In addition, claimant cites several decisions of the Commission in support of his argument. See Herndon v. Extra Space Storage, Inc., JCN VA02000024602, 2017 VA Wrk. Comp. LEXIS 125 (Va. Wrk. Comp. Mar. 20, 2017) (finding that injury arose out of employment when the claimant squatted down and grabbed a rope to pull open and showcase a storage unit and, while standing up with the rope and a clipboard in hand, felt a pop in her knee); Orleans v. Dillard, JCN VA00000805655, 2014 VA Wrk. Comp. LEXIS ___ (Va. Wrk. Comp. Mar. 10, 2014) (finding that injury arose out of employment when the claimant crouched on one knee for roughly ten to fifteen seconds to measure the length of a pair of pants, crawled to get a tool, and injured his back as he stood from his bent, crouched position); Johnston v. B B & T Corp., JCN VA00000644595, 2013 VA Wrk. Comp. LEXIS 1790 (Va. Wrk. Comp. July 9, 2013) (finding that injury arose out of employment when the claimant injured her back retrieving a five-pound safe deposit box, after she was positioned in a low, full squat and the injury occurred while she was standing and turning to give the box to a client); Brooks v. Sears, Roebuck & Co., VWC No. VA000-0011-1954, 2010 VA Wrk. Comp. LEXIS 402 (Va. Wrk. Comp. July 20, 2010), aff'd, No. 1744-10-2, 2011 Va. App. LEXIS 56 (Va. Ct. App. Feb. 15, 2011) (finding that injury arose out of employment when the claimant walked over to a car with a tire in his hand, bent down, put the tire on the car, and felt his knee "pop" as he was rising). We first note that, although they are often persuasive, "decisions [of the Commission] are not binding authority on this Court . . . ." UPS v. Prince, 63 Va. App. 702, 708 n.2, 762 S.E.2d 800, 803 n.2 (2014). Further, each case cited by claimant is distinguishable from the current matter in a crucial respect. The Commission in those cases made factual findings that supported a legal determination that the claimants' injuries arose out of their employment. Here, the Commission's factual findings support the legal conclusion that claimant has not proven his injury arose out of a risk of employment.

In Grove, the claimant was a pipe-fitter repairing a pipeline and working "in a crouched position several feet off the ground." 15 Va. App. at 18, 421 S.E.2d at 33. The claimant reached for an eight-pound piece of pipe and ruptured a disc in his back. Id. The Commission denied his claim, finding that although the claimant's job occasionally required him to work in an awkward position, the evidence did not establish that he was in an awkward position at the time of his injury. Id. at 21, 421 S.E.2d at 35. Our Court reversed the decision of the Commission, noting that the evidence established that all of the witnesses described claimant at the time of his injury as working "in a 'crouched' position, or 'bent with his knees . . . squatting' or 'bending over,' or 'leaned over.'" Id. The Court found that these descriptions proved that the workplace conditions constituted a hazard peculiar to the claimant's work. Id.

Despite some factual similarities, the work performed in Grove included a hazard not present in claimant's work. Repairing a pipeline while working in a crouched position several feet off the ground created a work-related hazard that was clearly "peculiar" to the employment in Grove, and not "common to the neighborhood." Here, claimant's routine act of standing up after working for a few minutes in a squatted position, without the demonstrated involvement of any contributing environmental factors in the injury, leaves claimant with an injury that is not compensable, unlike the claimant in Grove.

In Wyatt, the claimant was a knitting machine operator responsible for replacing empty creels of yarn located on her machine about two inches off the ground. 26 Va. App. at 90-91, 493 S.E.2d at 386. She repeated this task, which required her to perform deep-knee bends, approximately 200 times per twelve-hour shift. Id. at 91, 493 S.E.2d at 386. While replacing the yarn, she heard a pop, felt a tearing sensation in her left knee, and then was unable to straighten her leg. Id. This Court held that claimant's knee injury arose out of her employment, finding

that "[t]he unique demands of operating the knitting machine provided the 'critical link' between claimant's employment and her injury." Id. at 93, 493 S.E.2d at 387.

As in Grove, the work of the claimant in Wyatt included a hazard absent from the more routine work done by claimant, as completing deep-knee bends 200 times per shift is not a "simple act[]" of bending. Ellis, 33 Va. App. at 829, 537 S.E.2d at 37. However, claimant argues that his activity was similar to the claimant's in Wyatt as both were repetitive. During his fifteen years of employment, claimant had marked utility lines hundreds if not thousands of times, but his normal exertions while marking lines did not rise to the level of a work-related hazard, as the highly frequent deep-knee bends did in Wyatt.

In the instant case, credible evidence supports the Commission's factual finding that claimant merely rose from performing a normal work duty while in a squatting position and was not exposed to any work-related risk or hazard. Consequently, we are bound by this critical factual finding. "[W]e are bound by the [C]ommission's findings of fact as long as 'there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding." Artis, 45 Va. App. at 83-84, 608 S.E.2d at 517 (quoting Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988)). Accordingly, we find that the Commission did not err in concluding that claimant's injury did not arise from his employment.

### III. CONCLUSION

For the reasons above, we affirm the Commission's decision.

Affirmed.