COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Russell, AtLee and Senior Judge Haley
Argued by videoconference


MAGIC CITY FORD LINCOLN ISUZU TRUCKS AND
 VADA GROUP SELF-INSURANCE ASSOCIATION
                                                              MEMORANDUM OPINION* BY
v.      Record No. 0173-21-2                            JUDGE RICHARD Y. ATLEE, JR.
                                                                    AUGUST 31, 2021
LARRY KERR


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Travis T. Kline (Midkiff, Muncie & Ross, P.C., on brief), for
            appellants.

            Corey R. Pollard (Jenkins, Block, & Associates P.C., on brief), for
            appellee.


        Claimant Larry Kerr fell and suffered injuries, for which the Workers' Compensation

Commission (the "Commission") affirmed the deputy commissioner's award of temporary total

disability benefits.  The appellants ("employer") argue on appeal that "[t]he Commission erred in

holding that the claimant's injury was sustained in an accident 'arising out of' his employment,

as the claimant failed to carry his burden of proving a causal connection between the conditions

under which the work was required to be performed and the resulting injury."  For the following

reasons, we affirm.

                                        I.  BACKGROUND

        Kerr worked for employer as an auto detailer.  On the evening of October 15, 2018, while

closing the shop as part of his regular duties, he pressed the button to close the bay door and

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

stepped outside as the door began to close. He looked back and believed he saw a light on inside. Kerr did not have a key to the building, so he quickly stepped sideways under the descending bay door to get back inside before it shut because part of Kerr's job was making sure the lights were off before closing the shop. It takes only sixteen seconds for the bay door to fully close. The ground at the threshold of the bay door had a one- to two-inch rise over eleven inches. As Kerr stepped under the closing door, his left foot dragged on that incline and he tripped and fell onto the garage floor. He injured his right hip and femur in the fall. He was diagnosed with a right femoral neck injury that required surgery. He was released to full work duty and returned to work at Magic City Ford on April 17, 2019.

Initially, the deputy commissioner found that Kerr's accident did not arise out of a risk of his employment. The Commission reversed and remanded "to determine the extent of claimant's disabilities and if he is entitled to indemnity benefits." Upon remand, the deputy commissioner found that Kerr suffered injuries to his right hip and femur from the accident and awarded temporary total disability benefits from the date of the accident to Kerr's return to work (October 16, 2018, through April 16, 2019). Employer appealed, arguing again that the accident did not arise out of Kerr's employment. The Commission affirmed, quoting its initial opinion: "We find the accident is persuasively explained, that the claimant stepped sideways and dragged his left foot on the slope as he reentered the building. This caused him to lose his balance and fall onto the garage floor. We further find that this satisfies the arising out of test of compensability." Kerr v. Magic City Ford Lincoln Isuzu Trucks, JCN VA00001527839 (Va. Workers Comp. Comm'n Jan. 21, 2021). Employer now appeals that ruling.

## II. ANALYSIS

For an injury to be compensable, it must be "by accident arising out of and in the course of the employment." Code § 65.2-101. "An injury arises out of the employment when there is

apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." K & G Abatement Co. v. Keil, 38 Va. App. 744, 756 (2002).

"[W]hether an accident arises out of the employment is a mixed question of law and fact . . . ." Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 477 (2006) (quoting Cleveland v. Food Lion L.L.C., 43 Va. App. 514, 518 (2004)). "Issues of weight and credibility are uniquely within the province of the [C]ommission, and we will not substitute our judgment for that of the trier of fact." K & G Abatement Co., 38 Va. App. at 759 (quoting Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 171 (2001)). "Where reasonable inferences may be drawn from the evidence in support of the [C]ommission's factual findings, they will not be disturbed by this Court on appeal." Heritage Hall v. Crabtree, 46 Va. App. 750, 754 (2005) (quoting Hawks v. Henrico Cty. Sch. Bd., 7 Va. App. 398, 404 (1988)). "Unless we can say as a matter of law that the evidence proved that the worker's injury did not arise out of the employment, the [C]ommission's factual findings are binding and conclusive upon us." Id. Nevertheless, "although we are bound by the [C]ommission's underlying factual findings if those findings are supported by credible evidence, we review *de novo* the [C]ommission's ultimate determination as to whether the injury arose out of the claimant's employment." Stillwell, 47 Va. App. at 477 (citation omitted).

In challenging the Commission's finding that Kerr's injury arose out of his employment, employer emphasizes various conditions that were *not* present, such as debris, wet floors, or items in Kerr's hand as he stepped back inside and tripped. Employer also minimizes the significance of the slope upon which Kerr tripped and asserts that Kerr had no reason to move in a rushed or awkward manner. Citing an unpublished opinion of this Court, Short Stop, Inc. v.

Hammond, No. 1676-00-2 (Va. Ct. App. Mar. 13, 2001),[1] in which the claimant suffered an injury while stepping onto a sloped surface, employer contends that the conditions here are distinct enough to support a finding that, unlike in that case, the award of benefits was reversible error. We find these arguments unpersuasive.

As a preliminary matter, unpublished opinions are not binding on this Court. Blowe v. Commonwealth, 72 Va. App. 457, 468 n.10 (2020). Furthermore, we do not find the distinctions employer emphasizes to have significant persuasive value. In Short Stop, the claimant fell when she stepped on a loading ramp "that was downward sloping at an angle" which was "not insignificant," Short Stop, No. 1676-00-2, at 4, terms that could fairly describe the slope that contributed to Kerr's tripping here. In affirming the Commission's award, this Court in Short Stop quoted the Commission's opinion, which stated: "[i]f the angle of the ramp had been insignificant, such as the ramps one finds for the handicapped while walking on public sidewalks, the result may be different." Id. Employer contends that the slope here is more analogous to that of a ramp for the handicapped, versus that of the loading dock. Yet it is not this Court's role to reweigh the facts, but rather to determine if the Commission's factual findings are supported by credible evidence, and then assess if those findings lead to the conclusion that the injury arose out of Kerr's employment. We conclude that the factual findings are supported by the record and that, viewed in their totality, show that Kerr's injuries did, in fact, arise out of his employment.

There is no question that turning out the lights before closing the shop was part of Kerr's duties. The record also supports a finding that Kerr had to move quickly, as the bay door fully

---

[1] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." Blowe v. Commonwealth, 72 Va. App. 457, 468 n.10 (2020) (quoting Otey v. Commonwealth, 61 Va. App. 346, 350 n.3 (2012)); see also Rule 5A:1(f).

closes in sixteen seconds, which means that he had less time than that to step under the closing door and clear it. It also stands to reason that, in moving quickly to avoid being locked out, while crouching and stepping sideways under a closing door, Kerr's movement was not ordinary, but unusual and awkward. Assessing the significance of the slope of the floor requires "consideration of all the circumstances," K & G Abatement Co., 38 Va. App. at 756, which includes Kerr's moving quickly and in an awkward, crouching sidestep, which is distinct from more ordinary movements such as walking. Furthermore, the abrupt nature of the slope of the ground here, occurring over less than a foot of distance, is distinguishable from a handicap ramp's more extended incline. In light of the conditions, the slope here was substantial enough to contribute to Kerr's fall, and the Commission did not err in finding that stepping sideways over the elevation was a work-related risk. Reviewing the evidence in its totality, a "rational mind upon consideration of all the circumstances" could conclude there was a "causal connection between the conditions under which the work is required to be performed and the resulting injury." Id. Therefore, the Commission did not err as a matter of law in finding Kerr's injuries arose out of his employment and in affirming the award of temporary total disability benefits.

### III. CONCLUSION

The Commission did not err in finding that Kerr's injuries arose out his employment, and thus we affirm the award of temporary total disability benefits to Kerr.

Affirmed.