COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judge AtLee and Senior Judge Haley

MARY PAT O'BRIEN

MEMORANDUM OPINION[*] BY
v.       Record No. 0537-23-4          CHIEF JUDGE MARLA GRAFF DECKER
                                       MAY 21, 2024

NORTHERN VIRGINIA COMMUNITY COLLEGE/
 COMMONWEALTH OF VIRGINIA

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> (James E. Swiger; The Law Office of James E. Swiger, PLLC, on
> brief), for appellant.
>
> (Jason S. Miyares, Attorney General; Steven G. Popps, Deputy
> Attorney General; Jacqueline C. Hedblom, Senior Assistant Attorney
> General/Trial Section Chief; Adam L. Katz, Senior Assistant
> Attorney General, on brief), for appellee.

Mary Pat O'Brien fell while on the premises of her employer, Northern Virginia

Community College (the College), and was injured.  The Workers' Compensation Commission

denied her claim for benefits after finding that she "was walking down a flat, non-defective,

unobstructed hallway when she turned to address her co-worker."  She argues that the distraction

of speaking to her colleague caused her to fall and that no further "potential hazard" in the

workplace was necessary for her to recover.  For the following reasons, we affirm the Commission.[1]

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously holds that
oral argument is unnecessary because "the appeal is wholly without merit."  *See* Code
§ 17.1-403(ii)(a); Rule 5A:27(a).  In addition, "the dispositive issue or issues have been
authoritatively decided," and the appellant "has not argued that the case law should be
overturned, extended, modified, or reversed."  *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

UNPUBLISHED

O'Brien served as the Dean of Nursing for the College. On July 29, 2021, she went to attend a meeting in an office in the College's medical education building. But when she arrived at the meeting location, she was unable to open the door. When no one responded to her knock, she decided to try the door on the other side of the office. As O'Brien walked down the hallway, a colleague spoke to her about how to get to the meeting. She turned to answer, her right "foot got stuck," and she "[fell] out of [her] left shoe."[3] O'Brien fell into a wall and onto the floor, sustaining serious injuries. At the time of her fall, she was carrying a computer and paperwork for use at the meeting.

O'Brien applied for benefits under the Workers' Compensation Act. She alleged that she fell when she was distracted and turned, and her shoe stuck to the floor. The employer defended against the claim, arguing in relevant part that the accident did not arise out of O'Brien's employment.

After hearing evidence, the deputy commissioner denied the claim, concluding that O'Brien "failed to sustain her burden to show, by a preponderance of the record evidence[,] that her . . . accident and injuries arose out of her employment." He found that the record "suggest[ed]" that she "took a mis-step while engaged in the simple act of turning." The deputy commissioner acknowledged that O'Brien was "perhaps distracted from her intended path by [the colleague's] inquiry" but found "there was no environmental condition of the claimant's

---

[2] "On appeal, 'we view the evidence in the light most favorable to the prevailing party' before the [C]ommission," here, the College. *Paramont Coal Co. Va. v. McCoy*, 69 Va. App. 343, 349 (2018) (alteration in original) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 72 (2003)).

[3] A video of the fall is in the record.

employment, when combined with the alleged distraction, that caused, or contributed to her to fall."

On O'Brien's request for review, the Commission affirmed the denial of benefits. The Commission found that O'Brien failed to prove her claim. In doing so, it addressed the factors O'Brien identified as causing her fall and determined that her injuries did not arise out of her employment. The Commission concluded that it was "equally plausible that the claimant fell because her foot became dislodged from her shoe," which did not have a heel strap, or, in the alternative, that she "entangled her feet as she attempted to turn."

The Commission was unpersuaded by O'Brien's emphasis on the purported distraction caused by her co-worker. To be compensable, the Commission noted, the "work-related distraction of the claimant turning to address her co-worker must act in concert with something in the work environment to cause the injury." The Commission found evidence of no such contributory factor in the record. Even "characteriz[ing] [her] effort to turn as a distraction," it "remained a turn which precipitated her fall without the contribution of any environmental factor." The Commission concluded that a "common motion[]," such as turning to talk to someone, is not a "risk[] of employment."

Finally, the Commission considered O'Brien's claim that "awkwardness due to holding papers and a computer under her left arm" contributed to her fall. The Commission found "no evidence" supporting "the inference that the work items held under the claimant's left arm were causally connected to her fall" or the conclusion "that the fall would have been avoided or arrested had both of [O'Brien's] hands been free."

ANALYSIS

As the appellant, O'Brien bears "the burden of showing that reversible error was committed." *See Burke v. Catawba Hosp.*, 59 Va. App. 828, 838 (2012). "Whether an injury

arises out of the employment 'involves a mixed question of law and fact, which we review *de novo* on appeal.'" *Conner v. City of Danville*, 70 Va. App. 192, 200 (2019) (quoting *Blaustein v. Mitre Corp.*, 36 Va. App. 344, 348 (2001)). "However, we are bound by the Commission's factual findings and reasonable inferences drawn from the evidence if they are supported by credible evidence in the record." *Id.* at 200-01 (quoting *Tuck v. Goodyear Tire & Rubber Co.*, 47 Va. App. 276, 282 (2005)).

Appellate courts "do not retry the facts before the Commission nor . . . review the weight, preponderance of the evidence, or the credibility of witnesses." *Jeffreys v. Uninsured Emp.'s Fund*, 297 Va. 82, 87 (2019) (quoting *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411 (1983)). "If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact." *Id.* (quoting *Caskey*, 225 Va. at 411).

An employee seeking workers' compensation benefits must prove an injury (1) "caused by an accident," (2) arising out of and (3) "sustained in the course of the employment." *Rush v. Univ. of Va. Health Sys.*, 64 Va. App. 550, 556 (2015) (quoting *Southland Corp. v. Parson*, 1 Va. App. 281, 284 (1985)); *see* Code § 65.2-101 (defining "employee" and "injury"). The standard of proof is preponderance of the evidence. *Rush*, 64 Va. App. at 556; *see PYA/Monarch v. Harris*, 22 Va. App. 215, 221 (1996).

The only issue on appeal is whether O'Brien's injury arose out of her employment. In determining whether an injury arises out of employment, "Virginia employs the actual risk test." *Southside Va. Training Ctr. v. Ellis*, 33 Va. App. 824, 828 (2000) (quoting *Vint v. Alleghany Reg'l Hosp.*, 32 Va. App. 60, 63 (2000)). Under this test, an injury is considered to have arisen out of the employment "if the manner in which the employer requires the work to be

performed is causally related to the resulting injury." *Id.* (quoting *Vint*, 32 Va. App. at 63). For "an injury to qualify as arising out of . . . the employment, this Court has consistently held that '[a] "*critical link*" must exist between the conditions of the workplace and the injury[.]'" *Norris v. ETEC Mech. Corp.*, 69 Va. App. 591, 599 (2018) (second and third alterations in original) (quoting *Basement Waterproofing & Drainage v. Beland*, 43 Va. App. 352, 359 (2004)). It must be "fairly . . . trace[able] to the employment as a contributing proximate cause" and not come "from a hazard to which the [employee] would have been equally exposed apart from the employment." *Southside Va. Training*, 33 Va. App. at 829 (quoting *Vint*, 32 Va. App. at 64).

"[A]n injury does not arise out of the employment 'merely because it occurred during the performance of some employment duty if the act performed by the employee is not a causative hazard of the employment.'" *Haley v. Springs Glob. U.S., Inc.*, 54 Va. App. 607, 613 (2009) (alteration in original) (quoting *Nurses 4 You, Inc. v. Ferris*, 49 Va. App. 332, 340-41 (2007)). "The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." *Plumb Rite Plumbing Serv. v. Barbour*, 8 Va. App. 482, 484 (1989). "Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." *Haley*, 54 Va. App. at 613 (quoting *Nurses 4 You*, 49 Va. App. at 341). "[D]istractions that cause [an] injury may be compensable," but only "if they are . . . '[]related to any hazard common to the workplace.'" *Snyder v. City of Richmond Police Dep't*, 62 Va. App. 405, 413 (2013) (quoting *Marion Corr. Treatment Ctr. v. Henderson*, 20 Va. App. 477, 480 (1995)).

Here, the Commission found that the turn to speak with the co-worker "precipitated" O'Brien's fall. It concluded that as O'Brien turned, she fell because either her foot dislodged

from her shoe due to its construction or she "entangled her feet."[4] This factual finding is supported by O'Brien's testimony that when she turned, her right "foot got stuck" and she "[fell] out of [her] left shoe," just before falling backwards. The Commission acknowledged that O'Brien's action of turning to talk to her co-worker could have been a distraction but found that doing so was not a risk of employment because turning to talk to someone is "ubiquitous . . . human behavior."

On this record, O'Brien did not meet her burden of proving that she fell due to a "manner in which the employer require[d] the work to be performed." *See Southside Va. Training*, 33 Va. App. at 828 (quoting *Vint*, 32 Va. App. at 63). She similarly did not establish by a preponderance of the evidence that her accident was "caused by any work related risk or significant work related exertion." *See Plumb Rite Plumbing*, 8 Va. App. at 484. Simply put, her fall "was not caused by [her] employment but rather presented an equal risk to any person walking inattentively" down the hallway. *Snyder*, 62 Va. App. at 414.

The mere acts of walking and turning were not risks of employment. *See Haley*, 54 Va. App. at 613. The added circumstance of a co-worker talking to O'Brien was unrelated to a hazard in the workplace. *See Snyder*, 62 Va. App. at 414 (holding that the claimant's conversation generally about work with a colleague in the employee parking lot was "not linked to any of his job responsibilities"). As a result, the Commission did not err by concluding that the injury did not arise out of O'Brien's employment. *See PYA/Monarch*, 22 Va. App. at 224 ("[I]n an unexplained fall case . . . , a claimant must prove by a preponderance of the evidence that the fall 'arose out of' the employment by establishing a causal connection between . . . her employment and the fall.").

---

[4] O'Brien's shoe lacked a strap to secure her foot in the shoe. The deputy commissioner found that "[n]othing within the record suggests that the employer mandated that the claimant wear this style of footwear."

CONCLUSION

O'Brien has not met her burden of showing that the Commission committed reversible error. The record supports the Commission's conclusion that her injury did not arise out of her employment and therefore was not compensable. Consequently, we affirm the decision of the Commission.

*Affirmed.*